**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM A. FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 3:13-cv-51** |
| **v.** | ) | |
| | ) | |
| **U.S. BANK NATIONAL ASSOCIATION,** | ) | |
| *as Trustee for JP Morgan Mortgage*, | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States Magistrate Judge** |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Removal of Defense Counsel (Dkt. No. 7), which seeks to disqualify the law firm of Williams Mullen from representation of Defendant U.S. Bank National Association ("U.S. Bank").  Plaintiff contends that Williams Mullen has a conflict representing U.S. Bank because it represented Foster in a previous legal matter. I dispense with oral argument on the motions as the issues are adequately presented in the materials before the court and argument would not aid in the decisional process. Having considered the motions and pleadings, and finding it proper to do so, the motion to remove defense counsel is **DENIED**.

Foster filed this breach of contract action in the Fluvanna County Circuit Court challenging the 2012 foreclosure by U.S. Bank on his residential property in Columbia, Virginia. U.S. Bank removed the suit to federal court on December 9, 2013 (Dkt. No. 1). Specifically, Foster alleges that U.S. Bank, through Chase Home Finance, LLC ("Chase"), mismanaged Foster's mortgage loan and failed to give the proper 30-day notice as provided for in the deed of

1

trust. U.S. Bank retained the law firm of Williams Mullen on November 25, 2013 to represent it in this action.

Foster argues that Williams Mullen has a conflict representing U.S. Bank in this litigation because the firm represented him in 2006 on an easement issue concerning the same property in this action.  Foster argues that his complaint in the present action places at issue the value of the property, and that "Williams Mullen's representation of Foster in the past…is sufficiently related to the value of the property" so as to ethically disqualify the firm from defending U.S. Bank in this breach of contract claim. Pl.'s Br. 2. Billing records indicate that Williams Mullen's representation of Foster in the easement matter was terminated on December 19, 2006. Exhibit A, Def.'s Br. in Opp.  The two attorneys who assisted Foster in the easement matter both left Williams Mullen in October 2007.

Virginia ethics rules govern the professional conduct of attorneys in this district. See W.D. Va. Rule of Disciplinary Enforcement IV(B) ("The Code of Professional Responsibility adopted by the Virginia Supreme Court, as amended from time to time by that court and to the extent not in conflict with federal law, shall be the disciplinary rules of this Court…."); see also Bryant v. Yorktowne Cabinetry, Inc., 538 F. Supp. 2d 948, 949 (W.D. Va. 2008) (applying Virginia Rules of Professional Conduct and Virginia Legal Ethics Opinions in federal civil action). "Disqualification of an attorney 'is a serious matter which cannot be based on imagined scenarios of conflict, and the moving party has a high standard of proof to meet in order to prove that counsel should be disqualified.'" Kronberg v. LaRouche, 1:09CV947 AJT/TRJ, 2010 WL 1443934, *2 (E.D. Va. Apr. 9, 2010) (quoting In re Stokes, 156 B.R. 181, 185 (Bankr. E.D. Va. 1993)).

Foster is a former client of the Williams Mullen law firm whose attorney-client relationship ended in 2006, and both attorneys who worked on Foster's previous legal matter left the firm in 2007. Rule 1.10(b) of the Virginia Rules of Professional Conduct states:

> When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
>
> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; *and*
>
> (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) [regarding confidential information] that is material to the matter.

Va. Rule Prof'l Conduct 1.10(b) (emphasis added). This provision "operates to permit a law firm, under certain circumstances, to represent a person with interests directly adverse to those of a client represented by a lawyer who formerly was associated with the firm." Id., Comment 7. The plain language of Rule 1.10(b) prohibits a law firm's representation of a person or entity with materially adverse interests to a former client only if the matter is the same or substantially related to the matter in the previous representation and where present members of the firm possess confidential information material to the present matter. I find that Foster's claim for Williams Mullen's disqualification fails on both prongs.

The prior easement matter and the present breach of contract matter are neither the same matter nor substantially related. While Foster asserts that the prior easement issue concerned the same property foreclosed on in this breach of contract action, this connection alone is insufficient to disqualify Williams Mullen. Foster has not shown how an easement controversy is related to whether U.S. Bank met its contractual obligations when foreclosing on the property. The firm's previous representation of Foster occurred some seven years prior to the conduct alleged in the

present complaint against U.S. Bank.  Foster suggests in its motion that Williams Mullen attorneys may have formed "impressions" of Foster and the value of the land through its prior representation of Foster (Pl.'s Br. 2).  Foster does not identify any lawyer or group of lawyers in Williams Mullen who may have knowledge of Foster or the value of his property.  The inference Foster asks the court to draw of a conflict fails to identify any specific risk of conflict in the firms' representation of U.S. Bank. As such, I cannot find that the matters are "substantially related" under Rule 1.10(b)(1).

Furthermore, even assuming that the matters are substantially related, there is insufficient evidence that any present members of the Williams Mullen law firm possess any confidential information material to the instant suit that may have been obtained in the handling of Foster's prior easement matter. The attorneys who worked on Foster's 2006 easement issue left Williams Mullen in 2007, and the lack of relatedness between the nature of the matters suggests that the risk of exposure to confidential information material to the present case is exceedingly low.

Given the high standard of proof Foster must meet in a motion to disqualify, and the strong public interest in a party's right to freely choose counsel, I do not find that disqualification of Williams Mullen is warranted in this case. Therefore, the motion to remove the Williams Mullen law firm as counsel for U.S. Bank in this action is denied.

Enter:  March 7, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

4